NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Nicholas Ortiz Ramirez,

    Petitioner,

v.

Ron Credio, *et al.*,

    Respondents.

No. CV-13-02211-PHX-JJT

**ORDER**

    On October 29, 2013, Petitioner Nicholas Ortiz Ramirez timely filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1, Pet.) Petitioner stands convicted of aggravated assault after a jury trial. In his Petition, he challenges his confinement, arguing that the State of Arizona violated his rights to due process and a fair trial when the prosecutor in that trial engaged in improper cross-examination of Petitioner (Ground One) and improperly vouched for the credibility of the State's witnesses (Ground Two). On December 12, 2014, United States Magistrate Judge Bridget S. Bade issued a Report and Recommendation (R&R) analyzing each of Petitioner's claims, concluding that each either was procedurally barred or lacked merit, and recommending that the Court deny the Petition. (Doc. 22, R&R.) Petitioner timely filed an objection to the R&R on January 21, 2015. (Doc. 26.) After considering the Magistrate Judge's R&R and all arguments in Petitioner's Objection, the Court now accepts the R&R, incorporates it into this Order, adopts its reasoning, and denies the Petition.

    The Court concludes that the Magistrate Judge's exhaustive treatment of the relevant facts and her thorough analysis of the applicable law are entirely correct.

Although Petitioner's Objection spanned sixteen pages, only the last page and a quarter actually addressed the findings and conclusions made by the Magistrate Judge in the R&R, and in that page and a quarter, Petitioner offered no points that the Court has not already considered. The remainder of the Objection consists of an attempt to discuss and re-argue the weight of the evidence at trial – issues that are not properly before this Court under the Petition.

The adopted R&R sets forth the procedural and factual background of this matter, as well as the arguments and counter-arguments of Petitioner and Respondents, in great detail, so the Court does not repeat the facts or history here and instead refers to the R&R's treatment of them. At base, all of Petitioner's arguments stem from conduct of the state prosecutor that, he charges, denied him due process and a fair trial in the state court.

Magistrate Judge Bade correctly concluded that portions of both Ground One and Ground Two – specifically, his claim that the prosecutor's cross-examination at trial caused him to incriminate himself in violation of the Fifth and Fourteenth Amendments, and that the prosecutor coached one witness and used the testimony of another to "inflame" the jury – were not fairly presented to the state court on review at any level and therefore are procedurally barred. (R&R at 7.) Likewise, Petitioner has failed to demonstrate cause and prejudice, on the one hand or a fundamental miscarriage of justice on the other, as a basis to overcome the procedural bar. (*See* R&R at 8 – 11.)

Because Petitioner's remaining claims in Grounds One and Two – that the prosecutor at trial improperly cross-examined Petitioner by asking whether the State's witnesses were lying and then vouched for the credibility of the victim and the investigating officer in closing argument – were properly raised and adjudicated on the merits in state court, they are not procedurally barred. However, Magistrate Judge Bade properly concluded that each of these claims lacked merit. Petitioner failed to show that 1) the state court's decisions on these two issues were contrary to federal law as clearly established in the holdings of the United States Supreme Court at the time of the state court decision; 2) that the decisions involved an unreasonable application of such law; or

3) that they were based on an unreasonable determination of facts in the light of the record before the state court. This Court's independent review of the transcript as presented by Petitioner leave it firmly convinced that the prosecutor came nowhere close to vouching for either witness, for the reasons set forth in detail by Magistrate Judge Bade. (R&R at 17-23.) Nor, as found by Magistrate Judge Bade, did the prosecutor's cross-examination of Petitioner regarding whether the witnesses were lying, constitute misconduct. (R&R at 12-17.)

Because this Court concludes the state trial court did not deny Petitioner his right to due process or a fair trial, it rejects Petitioner's arguments.

IT IS THEREFORE ORDERED adopting the Magistrate Judge's Report and Recommendation (Doc. 22).

IT IS FURTHER ORDERED denying the Petition for Writ of Habeas Corpus (Doc. 1).

IT IS FURTHER ORDERED denying any certificate of appealability or leave to proceed *in forma pauperis* on appeal, because Petitioner has not made a substantial showing of the denial of a constitutional right.

Dated this 28th day of January, 2015.

Honorable John J. Tuchi
United States District Judge